IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HAROLD FORMELLA,<br><br>Plaintiff,<br><br>v.<br><br>CCT AUTO TRANS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Case No: 2:26-cv-13092-RJW-KGA<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, CCT Auto Trans, Inc. and Dorman Pollett, by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, for their Answer and Affirmative Defenses to the Plaintiff's Complaint, state as follows:

1. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

**ANSWER:** Defendants admit the averments in Paragraph 1.

2. That Plaintiff, Harold Formella, at all times material hereto, was a resident of the City of Sterling Heights, County of Macomb, and State of Michigan.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments in Paragraph 2.

3. That Defendant, Dorman Pollett, at all times material hereto, was a resident of the City of Amherstburg, County of Essex, and Province of Ontario.

**ANSWER:** Defendants admit the averments in Paragraph 3.

4. That Defendant, CCT Auto Trans, Inc., is a foreign corporation authorized to do business in the County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

**ANSWER:** Defendants admit the averments in Paragraph 4.

5. That Defendant, 2264236 Ontario, Inc., d/b/a Ameri-can Systems, is a foreign corporation authorized to do business in the County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments in Paragraph 5.

**Count I**

6. That on or about January 29, 2026, at or about 1:57 p.m., Plaintiff, Harold Formella, was lawfully driving eastbound on Nevada Road, at or near the intersection of Mound Road, in the City of Detroit, County of Wayne, and State of Michigan.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments in Paragraph 6.

7. That at the aforementioned time and place, Defendant, Dorman Pollett, was driving a 2024 Freightliner 1144SD, license number PA94364, with the express and implied consent and knowledge of its owners, CCT Auto Trans, Inc. and/or 2264236 Ontario, Inc., d/b/a Ameri-can Systems, and was in the course and scope of his employment with CCT Auto Trans, Inc. and/or 2264236 Ontario, Inc., d/b/a Ameri-can Systems, said companies being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

**ANSWER:** Defendants make no answer to the averments in Paragraph 7, since it states conclusions of law rather than averments of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

8. At that time and place, Defendant, Dorman Pollett, owed the Plaintiff, Harold Formella, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

**ANSWER:** Defendants make no answer to the averments in Paragraph 8, since it states conclusions of law rather than averments of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendants deny the same.

9. That Defendant, Dorman Pollett, did then and there display gross negligence, willful and wanton conduct and/or ordinary negligence and misconduct by disregarding a traffic signal, being unable to stop in an assured clear distance ahead, and striking Plaintiffs vehicle.

**ANSWER:** Defendants deny the averments in Paragraph 9.

10. That at the said time and place, Defendants, Dorman Pollett, CCT Auto Trans, Inc., and 2264236 Ontario, Inc., d/b/a Ameri-can Systems, were guilty of gross negligence, willful and wanton conduct and/or ordinary negligence and misconduct as follows:

A. In driving at an excessive rate of speed, under the conditions then and there existing;
B. In failing to yield the right of way;
C. In driving in such a manner as to be unable to stop within an assured clear distance ahead;
D. In failing to keep a reasonable lookout for other persons and vehicles using said highway;
E. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;
F. In failing to drive with due care and caution;
G. In driving while distracted;
H. In failing to take all possible precautions to avoid any collision with other motor vehicles; and
I. In failing to make and/or renew observations of the conditions of traffic on the highway.

**ANSWER:** Defendants deny the averments in Paragraph 10.

11. The Defendant, Dorman Pollett, was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of Detroit.

**ANSWER:** Defendants deny the averments in Paragraph 11.

12. That among those Statutes Defendants, Dorman Pollett, CCT Auto Trans, Inc., and 2264236 Ontario, Inc., d/b/a Ameri-can Systems, violated include, but are not limited to the following:

M.C.L. 257.401 Owner liability;
M.C.L. 257.612 Obedience to traffic control devices;
M.C.L. 257.626 Reckless driving;
M.C.L. 257.626(b) Careless or negligent driving;
M.C.L. 257.627 General restrictions as to speed - assured clear distance ahead;
M.C.L. 257.628 Failure to observe a speed limit or traffic control sign or signal;
M.C.L. 257.642 Roadway with two or more marked lanes;
M.C.L. 257.643 Following too closely;
M.C.L. 257.649 Right-of-way; stop signs; merging;
M.C.L. 257.676b Interference with flow of traffic;
M.C.L. 257.683 Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle;
M.C.L. 257.705 Brakes;
M.C.L. 480.11, et seq. Motor Carrier Safety Act of 1963; and Motor Carrier Safety Act
49 C.F.R. Parts 300-399 Code of Federal Regulations.

**ANSWER:** Defendants deny the averments in Paragraph 12.

13. That as a proximate cause of Defendants' negligence, Plaintiff, Harold Formella, was seriously injured and suffered a serious impairment of body function, serious neurological injury and/or permanent serious disfigurement as follows: cervical spine injuries requiring surgery resulting in permanent scarring, plus other injuries which may be found to have been sustained to the head, neck, shoulders, arms, knees, back, chest, dental injuries and to other parts of his body, externally and internally, and some or all of which interferes with his enjoyment of life and caused Plaintiff, Harold Formella, great pain and suffering.

**ANSWER:** Defendants deny the averments in Paragraph 13.

14. That as a proximate cause of said injuries, Plaintiff, Harold Formella, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

**ANSWER:** Defendants deny the averments in Paragraph 14.

15. That should it be determined at the time of trial that the said Plaintiff, Harold Formella, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

**ANSWER:** Defendants deny the averments in Paragraph 15.

WHEREFORE, Defendants, CCT Auto Trans, Inc. and Dorman Pollett, deny that they are liable to the plaintiff in any amount whatsoever, and pray that judgment be entered in their favor, and against plaintiff, on Count I of plaintiff's Complaint, and awarding costs incurred in defending this action.

## **Count II**

16. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-15.

**ANSWER:** Defendants adopt and incorporate their answers to averments 1 through 15 as the answer to Paragraph 16.

17. Plaintiff Harold Formella hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

**ANSWER:** Defendants deny the averments in Paragraph 17.

18. Plaintiff Harold Formella hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count.

**ANSWER:** Defendants deny the averments in Paragraph 18.

WHEREFORE, Defendants, CCT Auto Trans, Inc. and Dorman Pollett, deny that they are liable to the plaintiff in any amount whatsoever, and pray that judgment be entered in their favor, and against plaintiff, on Count II of plaintiff's Complaint, and awarding costs incurred in defending this action.

**Count III – Negligence Against CCT Auto Trans, Inc.**

19. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-18.

**ANSWER:** Defendant adopts and incorporates the answers to averments 1 through 18 as the answer to Paragraph 19.

20. Defendant CCT Auto Trans, Inc. owed the Plaintiff and the public at large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 et seq., the Motor Carrier Safety Act of 1963.

**ANSWER:** Defendant makes no answer to the averments in Paragraph 20, since it states conclusions of law rather than averments of fact that can be admitted or denied. To the extent those conclusions are deemed to be averments of fact, defendant denies the same.

21. Defendant CCT Auto Trans, Inc. was directly negligent, independent of the negligence of Defendant Dorman Pollett, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 et seq., the Motor Carrier Safety Act of 1963; in one or more of the following ways:

A. Failing to properly screen and investigate Defendant Dorman Pollett prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;
B. Failing to properly direct, instruct, supervise, and train and/or control, Defendant Dorman Pollett regarding the safe operation of a commercial motor vehicle and compliance with applicable Federal and Michigan Statutes;
C. Failing to take steps to ensure Defendant Dorman Pollett 's compliance with applicable Federal and Michigan statutes, and the standard of care for a commercial motor vehicle driver;
D. CCT Auto Trans, Inc.'s failure to design, implement, and enforce safety controls and procedures for the safe operation of commercial vehicles, creating a culture of risk constituting a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff; and
E. Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2024 Freightliner 114SD, license number PA94364, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

**ANSWER:** Defendant denies the averments in Paragraph 21.

22. Defendant CCT Auto Trans, Inc. was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant Dorman Pollett.

**ANSWER:** Defendant denies the averments in Paragraph 22.

23. The negligence of Defendant CCT Auto Trans, Inc. in hiring, directing, instructing, supervising, training and/or controlling Defendant Dorman Pollett was a cause of the collision.

**ANSWER:** Defendant denies the averments in Paragraph 23.

24. Defendant CCT Auto Trans, Inc. was negligent in failing to ensure that the vehicles under its ownership or control, including the 2024 Freightliner 114SD, were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and MCL 480.11 et seq., the Motor Carrier Safety Act of 1963.

**ANSWER:** Defendant denies the averments in Paragraph 24.

25. The negligence of Defendant CCT Auto Trans, Inc.in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, including the 2024 Freightliner 114SD, was a cause of the collision.

**ANSWER:** Defendant denies the averments in Paragraph 25.

26. Defendant CCT Auto Trans, Inc. carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving, all of which were known by Defendant, CCT Auto Trans, Inc., or should have been known in the exercise of reasonable care and caution, such that Defendant CCT Auto Trans, Inc.is hereby guilty of negligence, independent, separate and distinct of defendant-driver.

**ANSWER:** Defendant denies the averments in Paragraph 26.

27. The negligence of Defendant CCT Auto Trans, Inc. in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant Dorman Pollett, was a cause of the collision.

**ANSWER:** Defendant denies the averments in Paragraph 27.

WHEREFORE, Defendant, CCT Auto Trans, Inc., denies that it is liable to the plaintiff in any amount whatsoever, and prays that judgment be entered in its favor, and against the plaintiff, on Count III of plaintiff's Complaint, and awarding its costs incurred in defending this action.

**Count IV – Negligence Against 2264236 Ontario, Inc., d/b/a Ameri-can Systems**

Defendants, CCT Auto Trans, Inc. and Dorman Pollett, make no answer to Count IV, Paragraphs 28 through 36, as the averments contained therein are not directed at them. Should any averments in Count IV, Paragraphs 28 through 36, be found to apply to them, Defendants, CCT Auto Trans, Inc. and Dorman Pollett, expressly deny all averments contained therein.

**Affirmative Defenses**

For their Affirmative Defenses to Plaintiff's Complaint, Defendants, CCT Auto Trans, Inc. and Dorman Pollett, state as follows:

1. Plaintiff's claims for non-economic losses are barred as the injuries allegedly sustained by plaintiff does not meet the requisite threshold as provided in the Motor Vehicle Personal Property and Protection Act, more commonly known as the Michigan No–Fault Act, MCL 500.3101 *et seq*., as defendants have tort immunity pursuant to MCL 500.3135 for non-economic losses.

2. Defendants have tort immunity for any claimed economic loss sustained by plaintiff pursuant to MCL 500.3135(2) and (3).

3. In the event defendants are found to be negligent, which averments are specifically denied, then defendants will prove that said negligence is excused by actions not of defendants own making, including but not limited to, the careless and negligent actions of the plaintiff.

4. Defendants are not negligent in any of the actions alleged that was and/or is the proximate cause of any claimed damages and/or injuries to plaintiff.

5. Plaintiff's claims for non-economic damages is barred by MCL 600.2959 because plaintiff's fault is greater than the aggregate fault of the parties and/or from careless and negligent conduct against others including defendants.

6. Defendants are entitled to a determination and allocation as to the percentage that plaintiff's negligent conduct contributed to the accident and to a reduction in any amount awarded to plaintiffs by an amount equal to the percentage of plaintiff's own negligent conduct.

7. At the time of the accident, plaintiff was more than fifty (50%) percent at fault and, therefore, is not entitled to damages.

8. Plaintiff was guilty of contributory negligence and/or comparative negligence, which was and/or is the proximate cause of the plaintiff's alleged injuries, including, but not limited to the following:

a. In conducting himself in a negligent and careless manner under the circumstances then and there existing.

b. Failing to keep a safe and careful lookout and keep a proper observation of other vehicles and particularly defendants' vehicle, as well as others;

c. Failing to yield the right of way in violation of MCL 257.671(3);

d. Failing to keep a proper lookout, keep proper observation, and otherwise failing to comply with the common law duty to use reasonable and ordinary care under the circumstances;

e. Disregarding the rights, safety and position of others on the roadway;

f. Failing to pay attention to the traffic and weather conditions on the roadway;

g. Failing to operate his vehicle in disregard for the safety and rights of others, in violation of MCL 257.626(A);

h. Failing to exercise care that was reasonable and proper with due regard to the traffic conditions and circumstances and other relevant conditions then and there existing, in violation of MCL 257.652;

i. Driving in a negligent manner likely to endanger other persons or property, in violation of MCL 257.626(B);

j. Failing to observe such ordinary care in driving as the rules of common law require, in violation of MCL 257.401;

k. Failing to give proper attention and make proper observation for the care and safety of others, in violation of MCL 257.627 and MCL 527.649;

l. Otherwise driving or acting in violation of applicable statutory, ordinance and/or common law; and

m. Other instances of negligence which will become known through discovery, all in violation of plaintiff's duty in the operation of his vehicle and the statutes of the State of Michigan, pertinent local ordinances and common law.

9. Plaintiff failed to mitigate damages.

10. Defendants specifically claim the statutory set off of all collateral sources received by plaintiff and all other provisions and benefits permitted by MCLA 600.6303, MSA 27A.6303, *et. seq*.

11. Defendants rely on all defenses, limitations and set offs provided under the Michigan Tort Reform Act, Public Act No. 178, 1986.

12. Defendants assert all of the defenses available under the Department of Transportation and/or Michigan Department of Transportation statutes, rules, regulations and procedures.

13. Defendants reserve the right to submit additional and/or supplemental affirmative defenses to this action which may become known to defendants during the course of investigation, discovery and/or trial of this matter.

WHEREFORE, Defendants, CCT Auto Trans, Inc. and Dorman Pollett, request that judgment be entered in their favor and against the plaintiff on their Affirmative Defenses or, in the alternative, that plaintiff's causes of action be barred and/or that the plaintiff's damages be reduced accordingly.

Respectfully submitted,

CCT Auto Trans, Inc. and Dorman Pollett,

By:/s/ *Michael T. Franz*
One of Defendants' Attorneys

Michael T. Franz, P84079
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
Michael.Franz@lewisbrisbois.com
(312) 463-3329 Phone
(312) 345-1776 Facsimile

Date: September 9, 2026

*Attorneys for Defendants*

75944-177