7UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD FORMELLA,<br><br>Plaintiff,<br><br>v.<br><br>CCT AUTO TRANS, INC. *et al.*,<br><br>Defendant(s). | Case No. 26-13092<br><br>Honorable Robert J. White |

**JOINT DISCOVERY PLAN**

A Rule 16 Scheduling Conference is scheduled for **October 29, 2026** at **10:30 AM** and will be held via videoconferencing.

1. **Counsel**: Appearing for the parties as counsel at the Scheduling Conference will be Leo St. Amour from Michigan Auto Law on behalf of Plaintiff Harold Formella and Michael Franz from Lewis Brisbois on behalf of Defendants CCT Auto Trans, Inc. and Dorman Pollett.

2. **Jurisdiction**: The basis for the Court's jurisdiction is removal jurisdiction pursuant to 28 U.S.C. § 1441(b). This action is removable to this Court because there is complete diversity between Plaintiff, a Michigan citizen, and all Defendants, who are Canadian citizens, and the amount in controversy exceeds $75,000.

3. **Statement of the case**: This case involves a commercial motor vehicle collision that occurred on January 29, 2026 in Detroit, Michigan. As a result of the crash, Plaintiff suffered injuries to his neck, requiring surgery and resulting in permanent scarring. Defendant CCT Auto Trans., Inc. was the owner of the vehicle operated by Defendant Pollett, who was also acting in the course and scope of his employment with Defendant CCT at the time of the crash.

4. **Pendent state claims**: This case **does not** include pendent state claims.

5. **Case management requirements**: The parties acknowledge that they have reviewed and will adhere to the Court's Case Management Requirements.

6. **Joinder of parties and amendment of pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **October 30, 2026**.

7. **Disclosures and exchanges**: The parties cannot agree on voluntary production at this time.

8. **Discovery**: The parties believe all discovery proceedings can be completed by **May 31, 2027**. The parties recommend the following discovery plan, and acknowledge that if the Court believes that discovery motions have been filed unnecessarily, in bad faith, or for vexatious or tactical reasons, the Court may appoint a Discovery Master to shift the costs of disposing of these motions from the Court to the parties:

| EVENT / FILING | DATE / TIMEFRAME |
|---|---|
| Amendment of pleadings | **October 30, 2026** |
| Lay and expert witness lists filed | **February 1, 2027** |
| Interim status conference | **March 1, 2027** |
| Discovery completed by | **April 30, 2027** |
| Expert discovery completed by | **May 31, 2027** |
| Dispositive motions filed by | **June 30, 2027** |

9. **Disclosure / discovery of electronically stored information (ESI)**: The parties have discussed ESI production and suggest that it be handled as follows: by following the procedure for the production of ESI set forth in Federal Rule of Civil Procedure 34(b)(2)(E).

10. **Assertion of privilege or work-product immunity after production:** The parties have agreed on the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) to address claims of privilege or work product immunity for items inadvertently produced during discovery.

11. **Motions:** The parties acknowledge that:

a. Local Rule 7.1 requires a moving party to ascertain whether any motion will be opposed. All motions must affirmatively state the efforts of the moving party to comply with the obligation created by Local Rule 7.1.

b. The parties must append the Brief Format Certification Form to the back of every brief filed with this Court. The brief will be stricken if the form is not attached. The Court's requirements for briefs are as follows (many of these requirements are listed on the Brief Format Certification Form as well).

c. All nondispositive motions must be accompanied by a certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Local Rule 7.1.

d. All discovery motions must be accompanied by a certificate and any relevant documentation or correspondence detailing the movant's attempts to seek resolution of the discovery dispute before filing the motion. The parties also acknowledge that Fed. R. Civ. P. 78(b) allows the Court to submit and determine motions on the briefs, without a hearing.

12. **Alternative Dispute Resolution**: The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution. Accordingly, the parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties recommend that this case be submitted to facilitative mediation for alternative dispute resolution. If facilitation is not successful, Plaintiff would recommend that the Court hold a settlement conference.

13. **Jury or bench trial**: This case is to be tried **before a jury**.

14. **Trial length**: Counsel estimate the trial will last approximately **7** days total, from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

**5** days for Plaintiff's / Plaintiff's case
**2** days for Defendants' case

15. **Prospects of settlement**: Settlement discussions are ongoing and will likely continue as this case proceeds. Information obtained during the course of discovery will assist the parties in continuing settlement negotiations.

16. **Electronic document filing system**: Counsel acknowledges that Local Rule 5.1 requires that attorneys file and serve all documents electronically via the Court's CM/ECF system, unless excused from electronic filing on motion for good cause shown. All counsel must abide this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) acknowledge that they must submit their documents to the Clerk of the Court on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party acknowledges that they must file documents electronically but serve pro se parties with paper documents in the traditional manner.

**STIPULATED TO:**

/s/ Leo J. St. Amour
Attorney for Plaintiff Harold Formella
Dated: September 23, 2026

/s/ Michael T. Franz
Attorney for Defendants CCT Auto Trans, Inc. and Dorman Pollett
Dated: September 23, 2026